UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NELSON, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>DOLLAR TREE STORES, INC. and DOES 1 to 50, inclusive,<br><br>              Defendants. | Case No. 2:11-CV-01334 JAM-CMK<br><br><u>ORDER GRANTING<br>DEFENDANT'S MOTION TO DISMISS<br>AND TO STRIKE</u> |

    This matter comes before the Court on Defendant Dollar Tree Stores, Inc.'s ("Defendant") Motion To Dismiss and To Strike (Doc. #7) the Complaint ("Complaint") (Doc. #1) filed by Plaintiff Richard Nelson("Plaintiff"). Plaintiff opposes the motion (Doc. #12). Defendant submits a Request for Judicial Notice in Support of Defendant's Motion to Dismiss and to Strike (Doc. #8). Plaintiff does not oppose Defendant's request.[1]

                I.    FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff is a former Assistant Manager employed by Defendant.

---

[1] This motion and the request for judicial notice were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 29, 2011.

1

Plaintiff brings this putative wage and hour class action lawsuit alleging that he, and all individuals who hold or held position of "Store Manager" and/or "Assistant Store Manager," or similar title, who are employed by, or were formerly employed by Defendant, were not reimbursed for out of pocket expenses for the use of their personal vehicles as a requirement of employment. Plaintiff alleges that Defendant willfully failed to properly reimburse expenses relating to the use of personal vehicles to Plaintiff, and to the class, at the time they quit or were discharged.

Plaintiff alleges three causes of action: 1) violation of Cal. Lab. Code § 2802 for the alleged failure to reimburse expenses; (2) violation of Cal. Lab. Code § 203 for waiting time penalties in connection with the alleged failure to reimburse expenses; and (3) violation of Bus. & Prof. Code § 17200 *et.seq* ("UCL"). Defendant removed the action to this Court based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and now moves to dismiss the Complaint.

## II.   OPINION

### A.   Legal Standard

#### 1.   Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

1  322 (1972).  Assertions that are mere "legal conclusions," however,
2  are not entitled to the assumption of truth.  Ashcroft v. Iqbal,
3  129 S. Ct. 1937, 1950 (2009) (citing Bell Atlantic Corp. v.
4  Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to
5  dismiss, a plaintiff needs to plead "enough facts to state a claim
6  to relief that is plausible on its face."  Twombly, 550 U.S. at
7  570.  Dismissal is appropriate where the plaintiff fails to state a
8  claim supportable by a cognizable legal theory.  Balistreri v.
9  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).
10      Upon granting a motion to dismiss for failure to state a
11 claim, the court has discretion to allow leave to amend the
12 complaint pursuant to Federal Rules of Civil Procedure 15(a).
13 "Dismissal with prejudice and without leave to amend is not
14 appropriate unless it is clear . . . that the complaint could not
15 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc.,
16 316 F.3d 1048, 1052 (9th Cir. 2003).
17          2.   Motion to Strike
18     "Rule 12(f) provides in pertinent part that the Court may
19 order stricken from any pleading any insufficient defense or any
20 redundant, immaterial, impertinent, or scandalous matter . . .
21 motions to strike are disfavored and infrequently granted.  A
22 motion to strike should not be granted unless it is clear that the
23 matter to be stricken could have no possible bearing on the subject
24 matter of the litigation."  Bassett v. Ruggles, et al., 2009 WL
25 2982895 at *24(E.D. Cal. Sept. 14, 2009) (internal citations
26 omitted).
27      B.   Judicial Notice
28          As an initial matter, Defendant requests judicial notice of

3

the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") Enforcement Policies & Interpretations Manual, § 4.3.4 (June 2002) and the DLSE "Frequently Asked Questions," available at http://www.dir.ca.gov/dlse/FAQ_WaitingTimePenalty.htm (last visited May 12, 2011), Exs. 1 & 2 (Doc. #8-1).  Plaintiff does not object to Defendant's request.

Federal Rule of Evidence 201 provides that a court, in its discretion, may take judicial notice of facts not subject to reasonable dispute that are either (1) within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201(b).  The items identified by Defendant are appropriately subject to judicial notice and the motion is unopposed.  Accordingly, Defendant's Motion for Judicial Notice is GRANTED.

C.  Claims for Relief

1.  Failure to State a Claim

Defendant argues that all of Plaintiff's causes of action should be dismissed with leave to amend because the pleadings are vague legal conclusions that need not be entitled to the assumption of truth. Defendant also argues that Plaintiff's second cause of action should be dismissed without leave to amend.  Plaintiff contends that he sufficiently pled all causes of action.

As discussed supra, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it

4

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949 (internal citations omitted). Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.

The Complaint contains no factual content and is limited to the threadbare, legal conclusions that merely parrot the statutory requirements of Cal. Lab. Code § 2802, Cal. Lab. Code § 203, and Bus.& Prof. Code § 17200. Indeed, the Complaint fails to explain how or when Defendant failed to reimburse Plaintiff, or any other potential class members, for business expenses; the specific nature of the business expenses at issue; and whether and how Defendant not only acquired knowledge that such expenses were incurred by Plaintiff, or any other class members, but also willfully refused to reimburse such expenses.

Though Plaintiff's Opposition provides more factual details and explains that Plaintiff, and members of the putative class, were required to drive money from the day's sales to the bank using their personal vehicles, that is not sufficient to give "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Tellabs Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007) (internal citation omitted). Plaintiff must allege more specific facts about himself and the purported class he seeks to represent. For example, Plaintiff must explain the precise nature of business related travel he claims Defendant required him to perform without reimbursement, how Defendant acquired the knowledge of such use, and how Defendant willfully failed to reimburse Plaintiff, or any other class member, for such expense. Accordingly, Defendant's Motion to Dismiss the Complaint

1  in its entirety for failure to state a claim is GRANTED WITH LEAVE
2  TO AMEND.
3
4              2.    Penalties Pursuant to Cal. Lab. Code § 203
5       Defendant argues that Plaintiff's second cause of action,
6  penalties pursuant to Cal. Lab. Code § 203, should be dismissed
7  without leave to amend because business expenses are not considered
8  "wages" under California law.  Defendant argues that personal
9  vehicle expenses are not wages as a matter of law because the
10 California Supreme Court references the reimbursement of business
11 expenses as "nonwage" claims in Smith v. Rae-Venter Law Group, 29
12 Cal.4th 345, 353 (Cal. 2002), superseded on unrelated grounds by
13 Sonic-Calabasas A, Inc. v. Moreno, 51 Cal.4th 659 (2011); and the
14 California Legislature and the California Division of Labor
15 Standards Enforcement ("DLSE"), the agency statutorily empowered to
16 enforce California labor standards, do not consider business
17 expenses to constitute wages, see Cal. Unemp. Ins. Code § 929
18 ("'Wages' does not include the actual amount of any required or
19 necessary business expense incurred by an individual in connection
20 with his employment. . ."); Req. for Judicial Notice, Ex. 1 (DLSE
21 Enforcement Policies & Interpretations Manual, § 4.3.4 (June
22 2002)("Any wages" includes any amount due as wages . . . but does
23 not include expenses.")); see, also Req. for Judicial Notice (Doc.
24 #8-1), Ex. 2 (DLSE "Frequently Asked Questions" ("'Wages' does not
25 include expenses.")).  Plaintiff counters that reimbursement of
26 personal vehicle expenses is no different than reimbursement of
27 other expenses, such as room and board.  Plaintiff also relies on
28 Takacs v. A.G. Edwards & Sons, Inc., 444 F.Supp.2d 1100, 1125 (S.D.

Cal. 2006) to argue that the Labor Code § 200 cannot be read to exclude reimbursement of expenses as wages.

Under Cal. Lab. Code § 203,

> [i]f an employer willfully fails to pay, without abatement or reduction, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

To trigger the Section 203 penalties, Plaintiff must show that the business expenses are considered "wages" under California law. California Lab. Code Section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other methods of calculation." Cal. Lab. Code § 200. Wages also "include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay." Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1103 (Cal. 2007).

Plaintiff relies on In Re Work Uniform Cases, 133 Cal.App.4th 328, 338 (Cal.Ct.App.1d 2005), to argue that the definition of wages is broad and includes the reimbursement of vehicle mileage expenses. The issue in In Re Work Uniform was whether the defendant should indemnify plaintiffs for the cost of their work uniforms under Section 2802. The California Appellate Court reasoned that work uniforms are not business expenses because payment for employee work uniforms is a component of employee

7

compensation – "it provide[s] a benefit to the employee in that it substitutes for other attire that the employee would have to acquire absent the uniform allowance." In Re Work Uniform Cases, 133 Cal.App.4th at 338, citing Ventura Cnty. Deputy Sheriffs' Ass'n. v. Board of Retirement, 16 Cal.4th 483, 487 (Cal. 1997). Benefits provided by employers for costs employees would otherwise have to bear irrespective of their employment, such as room and board, meals, or clothing, are distinguishable from operating costs born by employees until they are indemnified. Plaintiff provides no authority that reimbursement of mileage expenses constitutes compensation. Defendant, however, offers authority that business expenses, intended primarily to benefit the employer, are not included in compensation. See, e.g., Zator v. Sprint/United Management Co., No. 09cv0935-LAB, 2011 WL 1157527, *3-*4 (S.D. Cal. Mar. 29, 2011) (holding business travel expenses must not be included in calculating the regular rate of pay under the California Labor Code).

    Plaintiff also relies on Takacs v. A.G. Edwards & Sons, Inc., 444 F.Supp.2d 1100, 1125 (S.D. Cal. 2006) to argue that the plain language of Section 200 cannot be read to exclude reimbursement of expenses as wages and that the Takacs court considered many categories of expense reimbursements and ultimately found that failure to reimburse employees for these expenses triggers penalties per Cal. Lab. Code § 203. While the Takacs court held that Section 200 cannot be read to exclude overtime pay or reimbursement of expenses as wages, Takacs, 444 F.Supp.2d at 1125, the court cited no authority that the plaintiff could obtain Section 203 penalty wages for expenses. Id. In contrast, it cited

1  Ghory v. Al-Lahham, 209 Cal.App.3d 1487 (Cal.Ct.App.1d 1989), as
2  authority that Section 203 could be applied to overtime pay.
3  Furthermore, the Takacs court denied the defendant's motion for
4  summary judgment on the grounds that there was a genuine dispute as
5  to whether the defendant acted willfully.  Id. at 1127.  It did not
6  hold, contrary to Plaintiff's characterization, that failure to
7  reimburse employees for expenses triggered the Section 203
8  penalties.
9       Not only does Plaintiff fail to provide persuasive authority
10 that business expenses are considered wages under Section 200, he
11 does not address Defendant's arguments that the California Supreme
12 Court characterized actions seeking reimbursement of business
13 expenses as "nonwage" claims in Smith v. Rae-Venter Law Group, 29
14 Cal.4th 345 (2002), superseded on unrelated grounds by Sonic-
15 Calabasas A, Inc. v. Moreno, 51 Cal.4th 659 (2011), or that the
16 California Legislature and the DLSE specifically state that wages
17 do not include business expenses.  Accordingly, the Court finds
18 that the mileage expenses relating to the use of Plaintiff's
19 personal vehicles are not wages under Cal. Lab. Code Section 200
20 and are thus ineligible for penalties under Section 203.
21 Defendant's Motion to Dismiss the Second Cause of Action alleging
22 penalties pursuant to Section 203 is GRANTED WITH PREJUDICE.
23           3.   Motion to Strike
24      Defendant asks the Court to strike Plaintiff's requests for
25 injunctive relief, disgorgement of profits with respect to his
26 Section 17200 claim, and relief under the UCL for Section 203
27 penalties or to a four-year statute of limitations applicable to
28 such payments.  Plaintiff does not oppose Defendant's arguments.

As discussed, supra, Federal Rules of Civil Procedure 12(f) authorizes the Court, on a motion made by a party, to strike any "redundant, immaterial, impertinent, or scandalous" matter from a pleading. The function of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Further, a motion to strike may be used to strike "any part of the prayer for relief when the [relief] sought is not recoverable as a matter of law." Bureerong v. Uvawas, 922 F.Supp.1450, 1479 n.34 (C.D.Cal. 1996).

Plaintiff's request for injunctive relief is not available to him as a matter of law. Former employees lack standing to seek injunctive relief because they "would not stand to benefit from an injunction . . . at [their] former place of work." Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033, 1037 (9th Cir. 2006). Given that Plaintiff is not a current employee, there can be no imminent risk of irreparable injury from Defendant's purportedly unlawful conduct; nor would Plaintiff stand to benefit from an injunction at his former place of work. Accordingly, all references to, and requests for, injunctive and declaratory relief in the Complaint are to be stricken, including the specified language from paragraphs 4, 5, and 36 of the Complaint as well as paragraph 5 of the Prayer for Relief.

The Court also strikes all of Plaintiff's requests for disgorgement of profits with respect to his Section 17200 Claim. While previously incurred expenses may be recovered as restitution under the UCL, requests for disgorgement of profits is

1  nonrestitutionary monetary relief, which closely resembles a claim
2  for damages; recovery for damages is not permitted under the UCL.
3  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1145
4  (Cal. 2003).
5      Finally, the Court strikes all references to Plaintiff's
6  request for relief under the UCL for penalties arising out of
7  Section 203 because, as discussed, supra, business expenses are not
8  wages and, hence, the recovery of such penalties is improper.
9      Therefore, the Court GRANTS Defendant's Motion to Strike.

### III. ORDER

For the reasons set forth above,

Defendant's Motion to Dismiss and Motion to Strike are GRANTED in their entirety.  The Court grants Plaintiff leave to amend his Complaint, other than the second cause of action, in order to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure (8)(a).

Plaintiff shall file his First Amended Complaint within twenty (20) days of the date of this Order.

IT IS SO ORDERED.

Dated: August 15, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE