CRAIG J. ACKERMANN (Bar No. 229832)
  cja@laborgators.com
DEVIN COYLE (Bar No. 267194)
  devin@laborgators.com
**ACKERMANN & TILAJEF, P.C.**
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

MICHAEL MALK, ESQ., APC (Bar No. 222366)
  mm@malklawfirm.com
**MALK LAW FIRM**
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210

Attorneys for Plaintiff and the putative Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NELSON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., and DOES 1-50, inclusive<br><br>Defendants. | Case No.  2:11-CV-01334-JAM-CMK<br><br>**DECLARATION OF MICHAEL MALK IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINIARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. John A. Mendez<br>Date:  December 7, 2011<br>Time:  9:30 a.m.<br>Ctrm:  6 |

# DECLARATION OF MICHAEL MALK

## I. INTRODUCTION

1. I am an attorney at law duly licensed to practice law in California and admitted to practice before this court. I am a principal of Michael Malk, Esq. APC, co-counsel of record for Plaintiff in this matter. I have personal, firsthand knowledge of the following facts and if called as a witness, I could and would testify competently to the same.

2. I am over 18 years of age. I have personal knowledge of the facts set forth in this declaration and could and would testify competently thereto.

3. I have no knowledge of the existence of any conflict of interest between me and my firm and Plaintiff, on the one hand, and any Class Member, on the other hand.

## II. ATTORNEY EXPERIENCE

4. In 1998, I received a B.A. from U.C. Santa Barbara, and in 2002, I received a J.D. from the U.C. Davis, School of Law. I became a member of the Bar of the State of California in 2002.

5. From August 2002 through June 2003, I worked for the Law Office of Neal T. Wiener, where I researched and wrote motions and writs in complex business litigation cases and class actions.

6. From June 2003 through August 2007, I was an associate with the firm Eisenberg & Associates, a plaintiffs' employment law firm, where I handled every aspect of employment and wage and hour litigation including client interviews, drafting and filing complaints, drafting and responding to written discovery, taking and defending over sixty depositions, regularly opposing and arguing summary judgment motions, extensive trial preparation and trial assistance work.

7. In August 2007, I started my own practice, in which I concentrate primarily on wage and hour class actions, and most of my case load consists of wage and hour class actions and multi-plaintiff cases.

8. On June 25, 2008, the Honorable Elizabeth A. White found me to be adequate counsel in connection with granting preliminary and final approval of the class action settlement in the case of <u>Arcela et al. v. Pacific American Fish Company, Inc</u>, Los Angeles Superior Court Case No. BC376255.  The <u>Arcela</u> case was a class action on behalf of truck drivers for failure to provide meal breaks, waiting time violations (Cal. Labor Code § 203), itemized wage statement violations (Cal. Labor Code § 226), failure to pay overtime, and violations of Cal. Business and Professions Code § 17200, et seq.

9. On April 14, 2009, the Honorable Valerie B. Fairbank approved me as adequate and competent class counsel in her final approval of the class action settlement in <u>Cetz et al v. Plycon Van Lines, Inc</u> Case No. 2:08-CV-1492 VBF.  The <u>Cetz</u> case is a class and collective action on behalf of a class of warehouse employees for overtime, waiting time violations (Cal. Labor Code § 203), itemized wage statement violations (Cal. Labor Code § 226), unlawful payroll deductions for uniforms and violations of Cal. Business and Professions Code § 17200, et seq.

10. On March 10, 2010, the Hon. Helen Bendix, in the case of <u>Branch et al v. Trimac Transportation Services (Western), Inc.</u>, Los Angeles County Superior Court Case Number BC393545, appointed me as class counsel (and found me to be competent and adequate) in connection with granting final approval to a class action settlement regarding meal break claims on behalf of a class of truck drivers.

11. On April 27, 2010, in the case of <u>Lopez v. Lowey Enterprises, Inc.</u>, Los Angeles Superior Court Case Number BC405179, the Honorable Rolf Treu appointed me as co-class counsel in conjunction with granting final approval to a class action settlement regarding meal break claims on behalf of truck drivers.

12. On April 23, 2010, in the case of <u>Barrett et al v. Doyon Security Services, LLC</u>, San Bernardino Superior Court Case Number BS900199, Commissioner Kirtland Mahlum appointed me as co-class counsel in conjunction with finally approving a class action settlement regarding overtime, meal and rest break claims on behalf of security guards.

13.     On September 15, 2010 in the case of Carson et al. v. Knight Transportation, Inc., Tulare County Superior Court Case Number 09-234186, The Honorable Lloyd Hicks granted Plaintiffs' Motion for Class Certification and found me to be adequate counsel in a wage and hour class action on behalf of a class of over 2,000 truck drivers in connection with granting the contested motion.

14.     On January 11, 2011, in the case of Lanuza et al. v. Linde, Inc., Los Angeles County Superior Court Case No. BC392871, the Honorable Gregory Alarcon found me appointed me as co-class counsel in conjunction with finally approving a class action settlement regarding meal break claims on behalf of a class of truck drivers.

15.     On July 26, 2011, in the case of Barrett et al. v. Floyds 99 California, LLC Los Angeles Superior Court Case No. BC422014, the Hon. Ralph Dau appointed me as class counsel in connection with its order granting a contested class certification motion on behalf of a class of hair stylists for, among other things, failure to provide meal breaks.

16.     On August 16, 2011, in the case of Anderson v. Andrus Transportation, San Bernardino County Superior Court Case No. CIV DS 915878, the court appointed me as co-class counsel in connection with its order granting a contested class certification motion regarding a class of truck drivers.

17.     On September 12, 2011, in the case of Monreal v. The Jacmar Companies, Inc., Los Angeles County Superior Court Case Number BC436027,the Hon. William Highberger appointed me as co-class counsel in conjunction with granting final approval to a settlement regarding meal break claims on behalf of a class of truck drivers.

18.     I am a member of the California Employment Lawyer's Association ("CELA"), as well as a member of CELA's Wage and Hour Committee.  I am also a member of the Labor and Employment Section of the Los Angeles County Bar Association, and the Employment Section of the State Bar of California.

//
//

## III. RELEVANT FACTS AND SETTLEMENT

19. Prior to filing the Complaint, Class Counsel conducted an initial investigation of the facts and the law, and contacted potential witnesses at Defendant's stores in San Jose and Sunnyvale, California. Class Counsel comprehensively investigated the applicable law as applied to the facts discovered regarding the suitability of the action for class treatment, the claims of Plaintiff, and the damages claimed by Plaintiff. These witnesses corroborated the class-wide claims in Plaintiff's complaint and supported our belief that Plaintiff was a typical Assistant Manager, and as such was subject to the same policies and procedures that gave rise to the claims of the Class. In other words, typicality was satisfied because the Plaintiff's claims were the same as the claims that could be brought by Class Members.

20. On April 8, 2011, Plaintiff Nelson filed his original class action complaint with the Superior Court of California, County of Butte. In it, Plaintiff Nelson set forth three claims: (1) class-wide violations of California Labor Code §§2802 on the grounds that Defendant failed to reimburse Plaintiff and the class for the use of their personal vehicle for business purposes; (2) violations of California Labor Code §203 based on Defendant's failure to compensate all of its former California store managers and assistant managers with all wages due to them upon termination; and (3) class-wide violations of California Business and Professions Code, §§17200 *et seq.* on the basis of unfair and/or unlawful business practices.

21. On May 17, 2011, Defendant removed this lawsuit to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(b), and 1446.

22. On May 20, 2011, Defendant filed a motion to dismiss and to strike requesting, inter alia, dismissal of the entire complaint (without prejudice); dismissal of the Second Cause of Action (with prejudice) on the ground that waiting time penalties only apply to wage claims; and striking of certain prayers for relief (those for injunctive relief, disgorgement of profits, and, alternatively, the fourth year of alleged waiting time penalties).

23. On or around July 7, 2011, the parties held a 26(f) conference via telephone, during which the parties discussed, among other things, the most expeditious and appropriate way for the parties to conduct discovery related to class certification, as the parties agreed in principle that they would first focus on class-oriented discovery. Following the Rule 26(f) conference, Plaintiff served his First Requests for Production of Documents, Special Interrogatories and Requests for Admissions on Defendant.

24. After reviewing Defendant's reply to the motion to strike, Plaintiff recognized the high probability that the court would dismiss the 203 claim, and as such the value of the case fell significantly from the $5,000,000 range to the $500,000 range. Subsequently, Plaintiff agreed to engage in informal discovery and explore the possibility of resolving this case.

25. On August 10, 2011, I along with my Co-Counsel Craig Ackermann ("Mr. Ackermann") met with Defendant's Counsel at the law offices of Littler Mendelson in Century City. During the meeting Plaintiff's Counsel discussed with Defendant's Counsel the data and information required to prepare a damages analysis for a formal settlement demand. The meeting lasted approximately three hours.

26. On August 15, 2011, the Court issued an Order granting Defendant's Motion to Dismiss and to Strike. The Court dismissed with prejudice Plaintiff's Second Cause of Action seeking penalty amounts under California Labor Code Section 203, struck with prejudice certain remedy requests, and dismissed without prejudice Plaintiff's claims under Labor Code Section 2802 and Business & Professions Code Section 17200 for mileage expense reimbursement.

27. On September 2, 2011, Plaintiff filed his First Amended Complaint, in compliance with the Court's order.

28. On August 19, 2011, Defense Counsel sent an email producing the following documents: (1) Defendant's policy that employees be reimbursed for properly-incurred business expenses (which was applicable to all Class Members during the Class Period), (2) numerous emails from Defendant to Assistant Managers and Store

Managers encouraging them to submit reimbursement requests and (3) evidence of reimbursement requests that were actually submitted by Class Members and paid by Defendant, including requests for reimbursement for bank-related trips.

29. Additionally, Defendant produced information about the size of the class, the number of stores Defendant operates in California, the average distance between Defendant's stores and the banks where Class Members made deposits, and the average number of bank-related trips that were made per store, per day during the Class Period.

30. On September 7, 2011, the parties attended an all-day settlement conference at the offices of defense counsel, Littler Mendelson. Attorneys Craig Ackermann and Devin Coyle, of Ackermann & Tilajef, P.C., and Michael Malk, of the Malk Law Firm, attended on behalf of Plaintiff. Attorneys Maureen McClain of Littler Mendelson and Dollar Tree's General Counsel, James A. Gorry, III, attended on behalf of Defendant. Discussion focused on the many disputed legal and factual issues. Counsel for both parties analyzed the data provided by Defendant to estimate potential damages in the litigation. Arms-length negotiations were conducted in good faith. The negotiations were lengthy and hard-fought.

31. Prior to the settlement meeting, Plaintiff's counsel calculated a violation rate of 100% for all claims asserted in the First Amended Complaint. At the settlement meeting, Dollar Tree made the following arguments in its defense for which substantial "deductions" were thought to be appropriate by Plaintiff's counsel and were applied to the maximum liability amount. Defendant emphasized that Plaintiff face some risk that the Court may not certify the class because: a) numerous class members had in fact submitted reimbursement requests in accordance with Defendant's policies and were in fact reimbursed accordingly, b) according to Defendant, Store Managers may have had interests adverse to other Class Members since they were responsible for ensuring that Assistant Managers were reimbursed for business-related expenses, c) whether "knew or should have known" is the applicable standard for establishing a §2802 claim, which

would determine whether or not Defendant's constructive knowledge that class members were incurring bank-related expenses was sufficient.

32. After giving credit for the numerous reimbursements that Dollar Tree had actually paid to Class Members during the Class Period, Plaintiff calculated that the Class was owed approximately $500,000 in damages. After a full day of negotiations, the parties agreed to settle for $200,000 with a claims process and a maximum potential reversion of $25,000 to the company. The terms of the agreement were memorialized in a Memorandum of Understanding which served as the basis for the parties' Settlement Agreement.

33. Plaintiff approved of the settlement on behalf of the Class. On November 1, 2011, the parties finalized and fully executed their JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE ("Settlement Agreement") and related documents, a true and correct copy of which is annexed hereto as **Exhibit 1**. Class Counsel was responsible for drafting, revising, finalizing, and filing with the Court on November 4, 2011, the following documents: Plaintiff's Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities in Support of Preliminary Approval of Class Action Settlement; the Settlement Agreement, Class Notice, and Claim Form, and the Declarations of Michael Malk and Craig Ackermann. The process of drafting and finalizing these documents required the exchange of several drafts with defense counsel.

34. Settlement Class Members will receive approximately $0.49 per week and the maximum amount that may be disbursed to any Claimant who worked the entirety of the Class Period will be approximately $112.

35. The parties selected Simpluris, Inc., an experienced claims administrator, to serve as the Settlement Administrator.

### III. <u>FAIRNESS AND ADEQUACY OF THE PROPOSED SETTLEMENT</u>

36. The proposed settlement here is fair to the Class. The parties began negotiating the proposed Settlement in good faith and at arm's' length on September 7,

1  2011, and continued negotiating independently on an ongoing basis for several weeks
2  over the most robust terms of the Settlement Agreement.

3  37.  It is fair to say that Plaintiff's Counsel felt that, based on Dollar Tree's
4  above-listed arguments, that there was perhaps a 50% chance that Plaintiff and the Class
5  of former and current store managers and assistant managers would not prevail on the
6  merits of some or all of their §2802 claims due to questions about the applicable
7  standard for liability; and there were significant risk posed to Plaintiff and the Class.

8  38.  Based on our own independent investigation and evaluation and
9  consultation with the Plaintiff, Plaintiff's counsel are of the opinion that the class
10 settlement with Defendant for the consideration and on the terms set forth in the
11 Settlement Agreement is fair, reasonable, and adequate and is in the best interests of the
12 Settlement Class in light of all known facts and circumstances, including the risk of
13 significant delay, defenses asserted by Defendant, uncertainties regarding class
14 certification, the assertion that members of the Class may have been reimbursed for
15 business expenses on many occasions, and numerous other potential appellate issues.

16 39.  Plaintiff's Counsel negotiated the proposed Settlement with ample
17 knowledge of the strengths and weaknesses of this case, the amounts necessary to
18 compensate Class Members for their damages, and the benefits of the proposed
19 Settlement under the circumstances of this case. In addition, Plaintiff's Counsel, as well
20 as Defense counsel, are experienced class action, litigation and employment attorneys,
21 and have relied on their experience and expertise in fashioning a proposed Settlement
22 that is acceptable to both parties. The settlement amount here is comparable with
23 settlements obtained and approved in other similar wage and hour class actions.

24 **IV.  ATTORNEYS' FEES**

25 40.  My firm (and our co-counsel) devoted a significant amount of time to
26 building this case. Among other things, Plaintiff promptly served written discovery
27 shortly after the Rule 26(f) conference. Soon thereafter, I had a series of conversations
28 with Defendant's counsel, wherein we discussed the possibility of the parties informally

exchanging information in order to determine whether the parties would be able to settle this case early and efficiently.

41. During the course of the case, I wrote and/or received over 70 e-mails with Defendant's Counsel regarding scheduling a settlement meeting, meeting and conferring regarding our informal document exchange, and regarding the more robust terms of the settlement agreement prior to the filing of Plaintiff's Motion for Preliminary Approval.

42. I drafted and prepared a damages analysis calculation and prepared settlement demand letter for our settlement conference with Defendant. Plaintiff's settlement demand letter took several hours, aside from my time spent attending the conference at the offices of Defendant's Counsel (including travel time to and from).

43. Altogether, I have spent approximately 16 hours in connection with this case. My billing rate is $500 per hour. As a result of my experience, I am aware of the prevailing hourly rates charged during this time period by knowledgeable and experienced employment law attorneys in Los Angeles County. During the period from February 2006 through the present, those rates have ranged from approximately $200 per hour for attorneys at the bottom end of the scale to approximately $750 per hour for partners at the high end of the scale. The regular rate that I have charged for my services in this litigation, $500 per hour, falls in the middle of this range and is reasonable and justified by my 9 years of experience and exclusive practice in the area of employment law. The rates set forth herein for me and my staff - except for modest annual increases - were previously approved as reasonable by Judge Gregory Alarcon in his final approval order in <u>Lanuza v. Linde, Inc. et al.</u>, LASC Case No. BC 393545.

44. My paralegal, Linda Seiger, has spent 2.6 hours in this case on tasks including but not limited, to the filing of Plaintiff's First Amended Complaint, Plaintiff's motion requesting telephonic hearing and other related filings.

45. My law clerk, David Shapiro, has spent 23.4 hours in connection with this case, including extensive review of documents produced by the Defendant prior to settlement conference.

46. To date, my firm has expended 42 total hours on this case and our total lodestar is $11,380. Plaintiff's Counsel's total combined lodestar to date is $43,480.

47. In addition, my firm has incurred approximately $129.52 in costs in connection with this case, consisting of $64.94 to serve the summons and complaint; $35 to park at defense counsel's offices; and $29.58 in print and copy expenses. Class Counsel's total combined costs of $1,339.07 through preliminary approval are documented, necessarily incurred and eminently reasonable.

48. The proposed Settlement provides that Plaintiff will request, and Defendant will not oppose, an award to Class Counsel in an amount not to exceed $50,000 in attorneys' fees and up to $1,500 in actual expenses and costs, and payment of $2,500 as a participation award to Plaintiff for his time, effort and risk as Class Representative, which will be deducted from the $200,000 settlement fund. The total attorneys' fees of $50,000 to compensate Class Counsel their time represents approximately 25% of the $200,000 settlement fund, which is within the range of attorneys' fees awarded in similar cases.

49. The enhancement payment to Plaintiff is also justified as an incentive payment, which courts regularly award in class action litigation. Class Representative Nelson provided invaluable assistance to Class Counsel and the Class in this case, including providing factual background for the Class Complaint; speaking with other potential class members about their experiences working for Defendant; reviewing the Complaint and other pleadings filed with the Court by Plaintiff and Defendant; participating in phone calls to discuss litigation and settlement strategy; and assisting Class Counsel in the preparation of the settlement documents. The Plaintiff agreed to participate in this case with no guarantee of personal benefit. Further, he agreed to undertake the financial risk of serving as Class Representative and exposed himself to the risk of negative publicity by anyone who opposed this case. Moreover, the requested $2,500 Incentive Payment falls well within the range of incentive payments typically awarded to Class Representatives in similar wage and hour class actions.

DECLARATION OF MICHAEL MALK IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

1    I declare under penalty of perjury under the laws of the United States and the State
2  of California that the foregoing is true and correct.  Executed on November 4, 2011 in
3  Los Angeles, California.

        By:  *Michael Malk*
             MICHAEL MALK, Esq.