
FILED
DEC 5 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

(Attorney Information Listed on Next Page)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.<br><br>Defendant. | CASE NO. 2:11-CV-01334-JAM-CMK<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Judge: Hon. John A. Mendez<br>Date: December 7, 2011<br>Time: 9:30 a.m.<br>Ctrm: 6 |

**ACKERMANN & TILAJEF, P.C.**
CRAIG J. ACKERMANN (State Bar No. 229832)
   cja@laborgators.com
TATIANA HERNANDEZ (State Bar No. 255322)
   tatiana@laborgators.com
DEVIN COYLE, (State Bar No. 267194)
   devin@laborgators.com
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

**MALK LAW FIRM**
MICHAEL MALK, ESQ., APC (Bar No. 222366)
   mm@malklawfirm.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile: (310) 499-5210

ATTORNEYS FOR PLAINTIFF RICHARD NELSON

MAUREEN E. MCCLAIN, Bar No. 062050
MATTHEW P. VANDALL, Bar No. 196962
AIMÉE E. AXELROD, Bar No. 255589
**LITTLER MENDELSON**
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
Email:     mmcclain@littler.com
           mvandall@littler.com
           aaxelrod@littler.com

ATTORNEYS FOR DEFENDANT DOLLAR TREE STORES, INC.

On December 7, 2011, the unopposed Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiff Richard Nelson ("Class Representative" or "Plaintiff") came on regularly in Courtroom 6 of the above captioned court, Hon. John A. Mendez presiding.

This Court, having fully received and considered the Plaintiff's notice of motion, supporting memorandum of points and authorities, the Declarations of Michael Malk and Craig J. Ackermann, the Settlement Agreement, the Class Notice, the Claim Form, the procedure to be excluded and/or to object to the settlement, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and to conduct a fairness hearing as to good faith, fairness, adequacy, and reasonableness of any proposed settlement, HEREBY ORDERS and MAKES DETERMINATIONS as follows:

Plaintiff and his counsel filed this class action lawsuit alleging that Defendant failed to reimburse its California store managers and assistant managers for the use of their personal vehicles for business-related purposes and failed to pay its California store managers and assistant managers all wages due to them upon termination or separation of employment. Plaintiff also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code §17200, *et seq.* On May 20, 2011, Defendant moved to dismiss and to strike portions of Plaintiff's complaint. On August 15, 2011, this Court dismissed with prejudice Plaintiff's Second Cause of Action seeking waiting time penalties under Cal. Labor Code §203, struck with prejudice certain remedy requests, and dismissed without prejudice Plaintiff's claims for mileage expense reimbursement under Cal. Labor Code §2802 and Cal. Bus. & Prof. Code §17200. On September 2, 2011 Plaintiff filed a First Amended Complaint pursuant to the Court's order. By Stipulation and Order filed on September 14, 2011, the Court stayed this action.

| | |
|---|---|
| 1 | After conducting informal discovery and negotiating at arm's length, |
| 2 | Plaintiff and Defendant have arrived at what the Court finds to be a fair and |
| 3 | equitable settlement of all claims encompassed by Plaintiff's First Amended |
| 4 | Complaint. Plaintiff and Defendant have agreed to the entry of a Joint Stipulation |
| 5 | of Class Action Settlement and Release ("Settlement Agreement"), attached as |
| 6 | Exhibit 1 to the Declaration of Michael Malk, filed in support of the Motion for |
| 7 | Preliminary Approval. Defendant continues to deny all allegations contained in |
| 8 | Plaintiff's original and first amended class action complaints. Dollar Tree has |
| 9 | contended that it at all times had in place a lawful reimbursement policy and a |
| 10 | system for submitting reimbursement requests. |
| 11 | Plaintiff has moved this Court to (1) provisionally certify a settlement class; |
| 12 | (2) preliminarily approve the Settlement Agreement; (3) direct distribution to the |
| 13 | class of a proposed Class Notice and Claim Form (collectively the proposed "Class |
| 14 | Notice Packet"); and (4) set a hearing date for final approval of the settlement. |
| 15 | Defendant does not oppose Plaintiff's motion for purposes of settlement but |
| 16 | reserves all rights and defenses with respect to the litigation. |

## ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that under Federal Rules of Civil Procedure, Rule 23(b)(3), and related case law, provisional certification of the following class is appropriate for settlement purposes: "All persons who work or worked for Defendant in the state of California in the position of Assistant Manager or Store Manager at any time from April 8, 2007 through the date of this Order ("Class Members")."[1]

---

[1] The Settlement Class excludes persons who have executed releases in favor of Defendant to the extent waived. In any instance of an employee who executed a release while still employed by Dollar Tree, that person shall be a Class Member only for a period of employment following the effective date of the release.

The Court finds that the Settlement Class meets the numerosity requirement of Rule 23(a)(1) because it consists of approximately 3,500 Class Members who have been identified through Defendant's records. The commonality requirement of Rule 23(a)(2) is also met because there are issues of law and fact common to the Class, such as whether Defendant's California assistant managers and store managers were reimbursed for the use of their vehicle for business-related purposes. In the absence of class certification and settlement, each individual Class Member would be forced to litigate the same core common issues of law and fact. Because Plaintiff's and the Settlement Class Members' claims all arise from the same events and course of conduct, and are based on the same legal theories, the typicality requirement of Rule 23(a)(3) is also satisfied. The adequacy of representation requirement set forth in Rule 23(a)(4) is also met here because the Class Representative has the same interests as all members of the Settlement Class, and is represented by experienced and competent counsel.

Pursuant to Rule 23(b)(3), the Court further finds that common issues predominate over individual issues in the litigation and that class treatment is superior to other means of resolving the instant dispute. Employing the class device here will not only achieve economies of scale for Class Members with relatively small individual claims, but will also conserve the resources of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims.

The Court finds that the Class Representative Richard Nelson is adequate class representatives and appoints him as such.

Pursuant to Federal Rules of Civil Procedure Rule 23(g), the Court finds that Plaintiff's Counsel Craig Ackermann (Ackermann & Tilajef, P.C.) and Michael Malk (Malk Law Firm) have adequately represented the Settlement Class and are adequate Class Counsel. Specifically, they have sufficiently identified and investigated the potential claims in this matter; have presented evidence to the

court of their experience in handling other wage and hour class actions; have demonstrated knowledge of the applicable law; and have allocated sufficient resources to represent the class. Accordingly, pursuant to Rule 23(g)(1), Ackermann & Tilajef, P.C. and The Malk Law Firm are hereby appointed as Class Counsel.

The Court recognizes that certification under this Order, including the various Rule 23 findings above, is for settlement purposes only, and shall not be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action, and/or to seek decertification or modification of the Settlement Class should the proposed Settlement Agreement not be granted final approval. Defendant admits no liability in entering into this settlement and has contended at all times that it maintains and has maintained a lawful reimbursement policy and practices thereunder. This Order is intended to enforce the terms of the Parties' Joint Stipulation for Class Action Settlement and Release (Joint Stipulation).

**PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

The Court has reviewed the Settlement Agreement and the proposed Class Notice and Claim Form, which are attached as exhibits A and B to the Settlement Agreement (the Settlement Agreement is attached as Exhibit 1 to the Declaration of Michael Malk). The Court finds, on a preliminary basis, that the Settlement Agreement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court also finds, on a preliminary basis, that the Settlement Agreement appears to be the product of intensive, non-collusive, arms' length negotiations between well-informed counsel, and is thus presumptively valid. It appears to the Court on a preliminary basis that the maximum settlement fund amount of $200,000 ("Maximum Settlement Value"

or "MSV")² is fair and reasonable to all Settlement Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation and research have been conducted such that the parties' counsel are able to reasonably evaluate their respective positions at this time. It further appears that settlement will avoid additional substantial costs beyond which have already been incurred by both parties, as well the delay and risks that would be presented by further prosecution of the litigation.

For the reasons set forth herein, the Court therefore preliminarily and conditionally approves the Settlement, including: (1) the proposed Incentive Award for Plaintiff Richard Nelson of $2,500 in addition to his pro rata share of the settlement fund pursuant to his return of a valid claim form; (2) the proposed attorneys' fees of 25% ($50,000) of the Maximum Settlement Value, and up to $1,500 in reimbursement for actual costs incurred; and (3) payment of reasonable settlement administration costs of approximately $17,000 from the MSV. Pursuant to Rule 23(g)(4) and Rule 54(d)(2), Plaintiff's counsel will file a Motion for Approval of their attorneys' fees and costs in connection with and to be heard at the same time as the Final Fairness Hearing regarding the settlement.

## APPROVAL OF DISTRIBUTION OF THE CLASS NOTICE

This Court finds that the Class Notice and Claim Form (attached as Exhibits A and B to the Settlement Agreement) fairly and adequately advise Class Members of the terms of the proposed settlement, the formula that will be used to compute their pro rata allocation of the settlement, and their opportunity to appear at the Fairness Hearing to be conducted on the date set forth below. The Court further

---

²This is a claims made settlement with undistributed and unclaimed funds of up to $25,000 remaining with or reverting to Defendant if not needed to pay valid and timely claims, or if remaining after claims are paid. Any additional unneeded or unclaimed amounts above the $25,000 shall be paid to a charity mutually selected by the Parties and approved by the Court.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
7

finds that the Class Notice and proposed distribution of such notice by first class mail to each identified Settlement Class Member at his or her last known address (with one database search and re-mailing of returned mail if an updated address is located) comports with all constitutional requirements, including those of due process and is the best notice practicable under the circumstances.

The Court confirms the selection of Simpluris, Inc. as the Claims Administrator, the reasonable costs of which will be paid from the MSV. Accordingly, good cause appearing, the Court hereby approves the proposed Class Notice and related materials for distribution. Furthermore, the Court hereby approves and adopts the following settlement approval schedule:

| | |
|---|---|
| No later than 30 days after entry by the Court of an Order preliminarily approving the settlement | Deadline for Defendant to provide class member information (name, last four digits of social security number, dates of employment as Assistant Managers and/or Store Managers, weeks worked in such positions within the Class Period, and last known address and phone number) to the Claims Administrator |
| No later than 15 after receipt of the Class List and contact information from Defendant | Claims Administrator will send out Class Notice Package to the Settlement Class |
| Postmarked no later than 45 days after the date on which the Notice Packet is first mailed out by the Claims Administrator | Deadline for Eligible Class Members to object to settlement (with 45 days extended from a re-mailing) |
| Postmarked no later than 45 days from date on which the Notice Packet is sent out by the Claims Administrator ("Submission Date") | Deadline for Eligible Settlement Class Members to submit a Claim Form or a Request for Exclusion Form (except as to those members of the Settlement Class who receive the Notice Package pursuant to re-mailing, whose deadline shall be 45 days from the date the Notice Package is re-mailed to the |

| | |
|---|---|
| | updated address) |
| Within 10 days of the conclusion of the opt-out period and the claims period (including the extended re-mailing period) | Claims Administrator will provide a written report to Class Counsel and Defense Counsel as to the number of responses received, including but not limited to Claim Forms, Requests for Exclusion, Objections and the pay-out value of valid claims |
| Within 20 days of receipt of the Claims Administrator's report | Deadline for Defendant to void Settlement Agreement by written notice to Plaintiffs' Counsel, if the number of persons that have timely submitted Request for Exclusion (opt-out) is equal to or greater than 5% of the number of persons to whom Notices are sent |
| No later than 10 days prior to Final Approval Hearing | Deadline for Claims Administrator to provide the Court and counsel for the parties with a statement detailing the costs of administration |
| Final Approval Hearing Date | _April 25, 2012_ 9am |
| Effective Date | For purposes of defining the Effective Date, the date upon which the Settlement and Judgment becomes final is the last date (a) final approval by the Court, when no further objections can be made; (b) if there are objections to the Settlement which are not withdrawn, and if an appeal, review or writ is not sought from the Judgment, the day after the period for appeal has expired; or (c) if an appeal, review or writ is sought from the Judgment, the day after the Judgment is affirmed or the appeal, review or |

| | writ is dismissed or denied, and the Judgment is no longer subject to further judicial review. |
|---|---|
| Within 20 days of the Effective Date | Defendant will send payment to Class Counsel for court-approved attorneys' fees and costs, and Plaintiff's Enhancement Award |
| Within 20 days following the Effective Date | Defendant shall prepare individual settlement payments to Class Members determined by the Claims Administrator to have filed timely and valid claims. |
| Within 30 days of the Effective Date | The Action shall be dismissed with prejudice with Plaintiff's and the Class Members' release of claims as set forth in the Parties' Joint Stipulation. |

## FINAL APPROVAL AND FAIRNESS HEARING

The Court hereby grants the Plaintiff's motion to set a fairness hearing for final approval of the Settlement Agreement on ~~9th~~ *Jan* April 25, 2012 at 9:30 a.m. in Courtroom 6 of this Court. Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Members of the Settlement Class who object to the proposed settlement may appear and present such objections at the Fairness Hearing in person or by counsel, provided that any objecting Settlement Class Members submit a written statement containing the name and address of the objecting Settlement Class Member and the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be postmarked no later than 45 days from the date on which the Class Notices are sent out by the Claims Administrator. No person shall be heard, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown.

Class Counsel shall file a memorandum of points and authorities in support of the final approval of the Settlement Agreement and their request and motion for approval of the agreed upon attorneys' fees and litigation expenses no later than 28 days before the Final Approval Hearing.

Dated: December 5, 2011

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE