1  CRAIG J. ACKERMANN (Bar No. 229832)
2  cja@laborgators.com
   **ACKERMANN & TILAJEF, P.C.**
3  1180 South Beverly Drive, Suite 610
4  Los Angeles, CA  90035
   Telephone: (310) 277-0614
5  Facsimile: (310) 277-0635
6
7  MICHAEL MALK, ESQ., APC (Bar No. 222366)
    mm@malklawfirm.com
8  **MALK LAW FIRM**
9  1180 South Beverly Drive, Suite 610
   Los Angeles, California 90035
10 Telephone: (310) 203-0016
11 Facsimile:  (310) 499-5210

12 Attorneys for Plaintiff and the putative Class

13
14              **UNITED STATES DISTRICT COURT**

15              **EASTERN DISTRICT OF CALIFORNIA**

16
17 RICHARD NELSON, on behalf of          Case No. 2:11-CV-01334-JAM-CMK
   himself and others similarly situated,
18                                        **CLASS ACTION**
             Plaintiffs,
19                                        [PROPOSED] **ORDER AND FINAL**
20 v.                                     **JUDGMENT GRANTING**
                                          **PLAINTIFF'S MOTION FOR**
21                                        **FINAL APPROVAL OF CLASS**
22 DOLLAR TREE STORES, INC., and          **ACTION SETTLEMENT,**
   DOES 1-50, inclusive                   **ATTORNEYS' FEES, EXPENSES**
23                                        **AND INCENTIVE AWARD**
             Defendants.
24
25
26                                        Judge: Hon. John A. Mendez
                                          Date:   April 25, 2012
27                                        Time:  9:30 a.m.
28                                        Ctrm:  6

   ─────────────────────────────────────────────────────────────
   [PROSOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
   ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE
                                    AWARD

**FILED**

APR 2 5 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1    On April 25, 2012, a hearing was held on the motion of Plaintiff Richard Nelson

2  ("Plaintiff") for final approval of the class action settlement reached with Defendant

3  Dollar Tree Stores, Inc. ("Defendant") that was preliminarily approved by the Court on

4  December 5, 2011 (the "Settlement").[1] The Court having read and considered the papers

5  on the motion, the arguments of counsel, and the law, and good cause appearing

6  therefor, Plaintiff's motion is hereby GRANTED and IT IS ORDERED that:

7    1.    The Court hereby GRANTS final approval of the Settlement. The Court

8  finds that the terms of the Settlement, are fair, reasonable and adequate under Rule

9  23(e)(2) of the Federal Rules of Civil Procedure, the Settlement was reached as a result

10  of arm's-length negotiations after sufficient investigation and discovery, and that class

11  members were given notice of the Settlement which fully satisfies all due process

12  requirements, which advised them of their right to object to the Settlement, in a

13  reasonable manner.

14

15    2.    The Court hereby certifies finally and solely for the purpose of settlement a

16  class consisting of "all persons who work or worked for Defendant in the state of

17  California in the position of Assistant Manager or Store Manager at any time from April

18  8, 2007 through December 5, 2011, except, to the extent waived, for those persons who

19  have executed releases in favor of Defendant. In any instance of an employee who

20  executed a release while still employed by Dollar Tree, that person shall be a Class

21  Member only for a period of employment following the effective date of the release."

22  The Court finds that the settlement class satisfies the applicable criteria for class

23  certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24

25

26  [1] A true and correct copy of the Joint Stipulation of Class Action Settlement and Release

27  is attached hereto as **Exhibit 1**.

28

ACKERMANN & TILAJEF, P.C.
1180 SOUTH BEVERLY DRIVE, SUITE 610
LOS ANGELES, CALIFORNIA 90035

[PROSOSED] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFF'S MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES,
EXPENSES AND INCENTIVE AWARD

1    3.    The Court hereby directs payment to the Settlement Administrator from the
2    settlement funds for its fees and expenses in accordance with the Settlement.

3    4.    The Court hereby directs that the Settlement Administrator distribute
4    settlement benefits to claimants from the settlement funds in accordance with the
5    Settlement.

6    5.    The Court hereby appoints Craig Ackermann, Esq. and Michael Malk, Esq.
7    as class counsel, awards Plaintiff's counsels' attorneys' fees in the amount
8    of $50,000.00 to be paid from the settlement funds, and finds that the hourly billing rates
9    of class counsel and their staff –as set forth in the Motion for Attorney's Fees – are
10   reasonable.

11   6.    The Court finds that Plaintiff's Counsel's costs are reasonable, and
12   hereby awards Plaintiff's counsels' attorneys' costs in the amount of $1,500.00 to be
13   paid from the settlement funds.

14   7.    The Court hereby appoints Plaintiff Richard Nelson as class representative,
15   and awards an incentive payment to Plaintiff to be paid from the settlement funds in the
16   amount of $2,500.00.

17   8.    The Court hereby enters FINAL JUDGMENT in this matter and dismisses
18   Plaintiff's claims against Defendant with prejudice.

19   9.    The Court hereby orders that class members who did not timely exclude
20   themselves from the Settlement have released their claims against Defendant as set forth
21   in the Settlement.

22   10.   The Court hereby orders that class members who did not timely object to
23   the Settlement are barred from prosecuting or pursuing any appeal of the Court's order
24   granting final approval to the Settlement.

25   11.   The Court finds that all notice requirements of the Class Action Fairness
26   Act have been met.

28

2

[PROSOSED] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFF'S MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES,
EXPENSES AND INCENTIVE AWARD

**ACKERMANN & TILAJEF, P.C.**
1180 SOUTH BEVERLY DRIVE, SUITE 610
LOS ANGELES, CALIFORNIA 90035

12.    The Court hereby directs that the clerk of the Court enter the Court's order as a FINAL JUDGMENT; and

13.    The Court hereby orders that, without affecting the finality of the FINAL JUDGMENT, it reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the judgment.

DATED: April 25, 2012

HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

[PROSOSED] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD

1  MAUREEN E. MCCLAIN, Bar No. 062050
   MATTHEW P. VANDALL, Bar No. 196962
2  AIMÉE E. AXELROD, Bar No. 255589
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  Email:        mmcclain@littler.com
                 mvandall@littler.com
7                aaxelrod@littler.com

8  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
9
   CRAIG J. ACKERMANN, Bar No. 229832
10 DEVIN COYLE, Bar No. 267194
   ACKERMANN & TILAJEF, P.C.
11 1180 South Beverly Drive, Suite 610
   Los Angeles, CA 90035
12 Telephone:    (310) 277-0614
   Facsimile:    (310) 277-0635
13 Email:        cja@laborgators.com
                 devin@laborgators.com
14
   MICHAEL MALK, Bar No. 222366
15 MICHAEL MALK, ESQ., APC
   1180 South Beverly Drive, Suite 610
16 Los Angeles, California 90035
   Telephone:    (310) 203-0016
17 Facsimile:    (310) 499-5210
   Email:        mm@malklawfirm.com
18
   Attorneys for Plaintiff
19 RICHARD NELSON

20                  UNITED STATES DISTRICT COURT

21                  EASTERN DISTRICT OF CALIFORNIA

22

23 RICHARD NELSON, on behalf of himself        Case No.  2:11-CV-01334-JAM-CMK
   and others similarly situated,
24                                             **JOINT STIPULATION OF CLASS
                    Plaintiff,                 ACTION SETTLEMENT AND RELEASE**
25
              v.                               COMPLAINT FILED: April 8, 2011
26                                             TRIAL DATE:      No date set.
   DOLLAR TREE STORES, INC. and
27 DOES 1 to 50, inclusive,

28                  Defendants.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                                Case No. 2:11-CV-01334-JAM-CMK

1  **JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE**

2  This Joint Stipulation of Class Settlement and Release ("Settlement Agreement" or

3  "Agreement") is made and entered into by and between Plaintiff Richard Nelson ("Plaintiff" or

4  "Nelson"), individually and on behalf of all others similarly situated, and Defendant Dollar Tree

5  Stores, Inc. ("Defendant" or "Dollar Tree").

6  **RECITALS**

7  WHEREAS, on April 8, 2011, Plaintiff filed an unverified complaint in the Superior

8  Court for the County of Butte, entitled *Richard Nelson, on behalf of himself and Dollar Tree Stores,*

9  *Inc., Does 1 to 50, inclusive,* Case Number 153449 (the "Lawsuit").

10  WHEREAS, on May 17, 2011, Defendant Dollar Tree Stores, Inc. filed in the United

11  States District Court for the Eastern District of California its Notice of Removal of the above-

12  entitled action from the Superior Court of the State of California, County of Butte, to the United

13  States District Court pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. §§ 1332(d),

14  1441(b) and 1446.

15  WHEREAS, by Motion filed on May 20, 2011, Defendant moved to dismiss and to

16  strike portions of Plaintiff's Complaint, a motion granted by the Court in an Order dated August 15,

17  2011, which dismissed with prejudice as disallowed by governing law Plaintiff's Second Cause of

18  Action seeking penalty amounts under California Labor Code Section 203, struck with prejudice

19  certain remedy requests, and dismissed without prejudice Plaintiff's claims under Labor Code

20  Section 2802 and Business & Professions Code Section 17200 for mileage expense reimbursement.

21  WHEREAS, Plaintiff filed a First Amended Complaint on September 2, 2011 entitled

22  *Nelson, on behalf of himself and others similarly situated, v. Dollar Tree Stores, Inc.,* Case No. 2:11-

23  CV-01334 JAM-CMK, a complaint which Defendant denies and contests, including contesting the

24  amenability of such claims to class certification under Rule 23(a) and (b)(3) of the F.R.Civ.Pro.

25  WHEREAS, the Court, by Order dated September 14, 2011, has entered a stay in the

26  litigation pending the approval process for settlement of the Lawsuit.

27  WHEREAS, Plaintiff has alleged that Defendant failed to properly reimburse himself

28  and those Putative Class Members who he seeks to represent (a class of Assistant Managers and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                    1.                    Case No. 2:11-CV-01334-JAM-CMK

1   Store Managers employed from April 8, 2007 through the date the Court grants preliminary approval
2   of this settlement) for the business use of personal motor vehicles, an allegation which Defendant
3   denies.

4              WHEREAS, Plaintiff's counsel have diligently pursued an investigation of Putative
5   Class Members' claims, including: (a) interviews with Putative Class Members; (b) review of
6   relevant documents, including but not limited to documents demonstrating Defendant's expense
7   reimbursement policies and procedures; and (c) research with respect to the applicable law and the
8   potential defenses thereto.

9              WHEREAS, the Parties have participated in arms-length settlement negotiations
10  during which Defendant has provided information to Plaintiff's counsel concerning the use of
11  employee vehicles for business purposes, Defendant's policy that employees be reimbursed for
12  properly-incurred business expenses, the efforts that Defendant has made to provide reimbursement
13  for business expenses to Putative Class Members, and the significant amounts that Defendant has
14  paid throughout the Class Period to Putative Class Members in business expense reimbursement,
15  including reimbursement for bank-related trips.  Based on the foregoing information, including
16  Plaintiff's counsel's own independent investigation and evaluation, Plaintiff's counsel opine that the
17  settlement with Defendant for the consideration and on the terms set forth in this Settlement
18  Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light
19  of all known facts and circumstances, including the risk of significant delay and uncertainty
20  associated with litigation, various defenses asserted by Defendant, and numerous potential appellate
21  issues.

22             WHEREAS, Defendant denies any liability or wrongdoing of any kind associated
23  with the claims alleged in this Action, and further denies that this Action is appropriate for class
24  treatment for any purpose other than this settlement.

25             WHEREAS, it is the Parties' intention that this Settlement Agreement shall constitute
26  a complete settlement and release of all claims against Defendant which were stated or could have
27  been stated in the Lawsuit relating in any way to unpaid business-related expenses or other losses

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                    2.              Case No. 2:11-CV-01334-JAM-CMK

1   incurred under California Labor Code § 2802 for the entirety of the Class Period.  These claims will

2   be dismissed with prejudice upon final approval of the settlement.

3                  NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Plaintiff, on

4   behalf of himself and the Settlement Class Members, and Defendant, and subject to the approval of

5   the Court, that the Action is hereby being compromised and settled pursuant to the terms and

6   conditions set forth in this Settlement Agreement and that after the date of the Court's approval of

7   this settlement becomes final, judgment shall be entered, subject to the continuing jurisdiction of the

8   Court as set forth below, subject to the recitals set forth above which by this reference become an

9   integral part of this Settlement Agreement and subject to the following definitions, terms and

10  conditions:

11                      **DEFINITIONAL TERMS OF THE AGREEMENT**

12         1.      "Lawsuit" means the action described in the WHEREAS clauses above.

13         2.      "Plaintiff's Counsel" or "Class Counsel" refers to the law firms of Ackermann

14  & Tilajef, P.C. and Michael Malk, Esq.

15         3.      "Class Counsel Award" means the costs (which includes, without limitation,

16  all costs incurred to date, as well as such costs to be incurred in documenting the settlement,

17  providing any notices required as part of the settlement, securing the Court's approval of the

18  settlement, administering the settlement, and obtaining entry of a judgment terminating this Lawsuit)

19  and attorneys' fees agreed upon by the Parties for Class Counsel's litigation and resolution of the

20  Action, subject to Court approval.

21         4.      "Class Period" means the period from April 8, 2007 through the date the

22  Court grants preliminary approval of the Settlement.

23         5.      "Claims Administration Costs" means the costs of the Claims Administrator

24  (selected by the Parties to be Simpluris) for performing all administrative services requested by the

25  Parties, including providing Notice to the Class Members, handling inquiries from the Class

26  Members according to the joint direction of the Parties' Counsel, performing any re-mailing

27  functions, collecting and tabulating Class Members' responses, determining what constitutes a

28  timely and valid claim by a Class Member in accordance with this Stipulation and joint direction of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                3.                Case No. 2:11-CV-01334-JAM-CMK

1    the Parties, calculating the amount due any Participating Class Member, mailing Individual

2    Settlement Payments to Class Members, and preparing necessary reports to the Court.  To limit

3    administrative costs, it is agreed that Defendant's counsel will prepare and distribute notices to

4    appropriate state and federal officials pursuant to 28 U.S.C. 1715.  It is also agreed that Defendant

5    will prepare the Individual Settlement Payments to all Class Members determined to have submitted

6    timely and valid claims and will provide such Individual Settlement Payments to the Claims

7    Administrator for mailing.  Additionally, Defendant shall directly pay (as opposed to having the

8    payout through the Claims Administrator) Plaintiff's Incentive Award and the Class Counsel Award.

9           6.    "Class List" means a list of Class Members that Defendant will in good faith

10   compile from its records and provide to the Claims Administrator.  The Class List shall contain each

11   Class Member's full name; last known home address and last known telephone number to the extent

12   available in Defendant's business records; the last four digits of the Social Security number; dates of

13   employment as an Assistant Manager or Store Manager in California during the Class Period and the

14   total work weeks during the Class Period each such Class Member worked as either an Assistant

15   Manager or Store Manager.  The data provided to the Claims Administrator will remain confidential

16   and will not be disclosed to anyone except pursuant to Defendant's express written consent, or by

17   order of the Court.  Provided that the Claims Administrator is authorized to release individual

18   information to Plaintiff's counsel in the case of a dispute over eligibility or other individual question

19   that the Administrator is not able to resolve after providing advance notice of such intended release

20   to Defendant's counsel.

21          7.    "Class Members", referring to the Settlement Class, includes all persons who

22   work or worked for Defendant in the state of California in the position of Assistant Manager or Store

23   Manager at any time from April 8, 2007 through the date of preliminary approval by the Court,

24   except for those persons who have executed releases in favor of Defendant.  In any instance of an

25   employee who executed a release while still employed by Dollar Tree, that person shall be a Class

26   Member only for a period of employment following the effective date of the release.

27          8.    "Plaintiff's Incentive Award" means the amount that the Court authorizes to

28   be paid to Plaintiff in addition to any payment he receives from the class distribution, in recognition

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                    4.                    Case No. 2:11-CV-01334-JAM-CMK

1  of his efforts in assisting with the prosecution of the Lawsuit on behalf of the Class Members and in

2  return for executing a General Release of all claims against Defendant arising through the Effective

3  Date.

4         9.    "Individual Settlement Payment" means the amount payable to each

5  Participating Class Member.

6        10.   "Notice Packet" means the Notice of Proposed Class Action Settlement and

7  Final Fairness and Approval Hearing, substantially in the form attached as Exhibit A and the Claim

8  Form, substantially in the form attached as Exhibit B which the Court directs to be sent via regular

9  First-Class U.S. Mail to all Class Members.

10        11.   "Participating Class Members" means all Class Members (including Plaintiff)

11  who submit timely and valid claim forms.

12        12.   "Parties" means Plaintiff and Defendant, collectively.

13        13.   "Released Parties" means Defendant, and any of its former and present

14  parents, subsidiaries, and affiliates, divisions and related entities, together with their former and

15  present officers, directors, employees, shareholders, benefit plans, trustees, insurers, fiduciaries,

16  executors, privies, agents, representatives, predecessors, successors, assigns and attorneys.

17        14.   "Effective Date" of the Settlement means the date upon which the Settlement

18  is finally approved substantially in accordance with the terms of this Stipulation for Settlement, and

19  the Court's entry of Judgment ("Judgment") substantially in accordance with the terms of this

20  Stipulation for Settlement becomes final. For purposes of defining the Effective Date, the date upon

21  which the Settlement and Judgment (as described above) becomes final is the last date of (a) final

22  approval by the Court, when no further objections can be made; (b) if there are objections to the

23  Settlement which are not withdrawn, and if an appeal, review or writ is not sought from the

24  Judgment, the day after the period for appeal has expired; or (c) if an appeal, review or writ is sought

25  from the Judgment, the day after the Judgment is affirmed or the appeal, review or writ is dismissed

26  or denied, and the Judgment is no longer subject to further judicial review. The Settlement will

27  therefore not become effective until and unless it is approved by the United States District Court and

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE      5.      Case No. 2:11-CV-01334-JAM-CMK

1   affirmed by any possible reviewing Court, if an appeal or challenge is taken from the District

2   Court's action.

3                              **FURTHER TERMS OF AGREEMENT**

4                15.    Defendant's Non-Admissions Clause.   Defendant denies any liability or

5   wrongdoing of any kind associated with the claims alleged in this Lawsuit, and further denies, for

6   purposes other than settling this Lawsuit, that any part of the Lawsuit is appropriate for class

7   treatment. Nothing herein shall constitute an admission by Dollar Tree of wrongdoing or liability or

8   of the truth of any factual allegation in the Lawsuit. Nothing herein shall constitute an admission by

9   Dollar Tree that the Lawsuit is properly brought on a class or representational basis other than for

10  settlement purposes. To this end, the settlement of the Lawsuit, the negotiation and execution of this

11  Agreement, and all acts performed pursuant to or in furtherance of the settlement: (i) are not, shall

12  not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or

13  liability on the part of Dollar Tree or of the truth of any factual allegations in the Lawsuit; (ii) are

14  not, and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or

15  omission on Dollar Tree's part in any judicial, administrative or other proceeding; and (iii) are not,

16  and shall not be used as, an admission or evidence of the appropriateness of these or similar claims

17  for class certification.

18                16.    Release as to All Settlement Class Members.   Settlement Class Members

19  (those Class Members who do not submit valid and timely requests to be excluded from the

20  Settlement), for themselves and any one claiming on their behalf, waive and generally release

21  Released Parties from any and all claims, debts, liabilities, demands, obligations, guarantees, costs,

22  expenses, attorneys fees, penalties, damages, restitution, injunctive relief, or a remedy of any other

23  type which was stated or could have been stated in the Lawsuit related to or arising from any

24  claimed violation of California Labor Code Section 2802, whether alleged directly or based on some

25  other statutory, regulatory, wage order or common law theory. This release and waiver includes, but

26  is not limited to, a release and waiver of claims under California Business & Professions Code

27  Section 17200, and under California Labor Code Section 2698 et seq. This release and waiver of

28  claims covers the period through the Effective Date of the Settlement. Class Members who do not

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2893
415 433 1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE               6.            Case No. 2:11-CV-01334-JAM-CMK

1  submit a valid and timely Request for Exclusion shall be bound by this waiver and release of claims

2  regardless of whether they have returned a timely and otherwise valid claims form.

3  With respect to the Released Claims only, the Settlement Class Members stipulate

4  and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and

5  by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest

6  extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil

7  Code, or any other similar provision under federal or state law, which Section 1542 provides:

8
9  > A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the
> release, which if known by him or her must have materially affected
> his or her settlement with the debtor.

10

11  17.  Settlement Amount: The total maximum value of the settlement is $200,000

12  ("Maximum Settlement Value").  From that amount, and subject to Court approval, will be

13  subtracted the Plaintiff's Incentive Award of up to $2,500, attorneys' fees to Class Counsel of up to

14  $50,000, Class Counsel's costs of up to $1,500, and the Claims Administration Costs (estimated to

15  be approximately $15,000).  The remainder (approximately $131,000 depending on Claims

16  Administration Costs) shall be available for distribution to Class Members who file timely and valid

17  claims on a per work week basis. The amount of work weeks in the Class Period worked by Class

18  Members through September 1, 2011 (to be recalculated to the date of Preliminary Approval when

19  known) is approximately 267,931 leading to a per work week payment of approximately .49 cents,

20  which calculates to approximately $33 available to an Assistant Manager who worked 67 weeks in

21  the Class Period (this is the approximate average number of weeks worked in an Assistant Manager

22  position during the Class Period through September 1, 2011) and $44 available to a Store Manager

23  who worked 90 weeks in the Class Period (this is the approximate average number of weeks worked

24  in a Store Manager position during the Class Period through September 1, 2011).  This is a claims

25  made settlement with undistributed and unclaimed funds of up to $25,000 remaining with or

26  reverting to Defendant if not needed to pay valid and timely claims, or if remaining after claims are

27  paid. Any additional unneeded or unclaimed amounts above the $25,000 shall be paid to a charity

28  mutually selected by the Parties.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE               7.               Case No. 2:11-CV-01334-JAM-CMK

18.     Plaintiff's Incentive Award. The up to $2,500 amount for Plaintiff's Incentive Award shall be paid by Defendant in care of Plaintiff's counsel. Plaintiff assumes sole responsibility for tax reporting and payment, and holds Defendant harmless from any costs, penalties, or other amounts, if any, sought to be assessed against it arising from the tax treatment of such payments.

19.     Plaintiff's Release of Claims. Plaintiff, for himself, and for any one claiming on his behalf, including any heirs, agents, representatives, successors and assigns, hereby releases and forever discharges the Released Parties from any and all claims, actions, causes of action, sums of money due, attorneys' fees and costs, suits, debts, covenants, contracts, agreements, promises, demands, employee benefits, statutory penalties or other amounts, or liabilities whatsoever, whether known or unknown, which Plaintiff ever had, now has, or might in the future have, for any conduct (including alleged omissions) arising between him and any Released Party through the Effective Date of this Agreement.   The release covers all alleged violations of common law or statute including § 2698, § 17200, § 203, all statutes related to a claimed violation of § 2802, and any other statute or regulation of any nature, including but not limited to, federal and state wage and hour laws, family leave statutes, the Sarbanes-Oxley Act, and statutes governing discrimination claims.   The release includes claims under the federal Age Discrimination in Employment Act.   Regarding such waiver of claims, Plaintiff warrants (1) that he has knowingly signed this Agreement in less than 21 days, and understands that he had a full 21 day period to sign the Agreement; (2) has a period of up to 7 days to revoke only the ADEA waiver (with the rest of the Agreement remaining fully enforceable) by sending written notice within such period to Defendant's counsel; (3) has been advised in writing to consult and has consulted with counsel regarding this waiver; (4) has received consideration above anything due to him for this waiver; and (5) understands that ADEA claims arising after he executes this Agreement are not released.   Plaintiff understands that this is a waiver of known and unknown claims and voluntarily waives the provisions of Section 1542 of the California Civil Code (and any similar statute in any other jurisdiction) which states: **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.** Plaintiff also waives any claim to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                    8.                    Case No. 2:11-CV-01334-JAM-CMK

1   employment with Defendant.  Plaintiff agrees that he will never apply for employment with

2   Defendant or with any company affiliated with Defendant and that this Agreement bars any claim

3   arising from a failure to be employed or a termination in an instance where Plaintiff was so

4   employed notwithstanding this provision.  As part of this release of claims, Plaintiff warrants that he

5   has no pending administrative, judicial or other types of claims against Defendant, any of

6   Defendant's employees, or any entity related to Defendant, except for the Lawsuit.   Plaintiff

7   warrants that he has not assigned any claim, debt or obligation that is released in this Agreement to

8   any other person or entity.  Plaintiff warrants that no individual or entity has any lien against any

9   payment due to him under this Agreement.  Plaintiff shall hold Defendant harmless from any cost to

10   Defendant arising from a breach of these warranties.

11        20.   Tax Liability.  The Parties agree that the payments made to Class Members

12   under this Agreement are intended as reimbursement for expenses Class Members allege to have

13   incurred during the course and scope of their employment.  Class Members shall be informed in the

14   Notice that no representations regarding the tax treatment are being made, and that they should

15   consult with tax advisors of their selection and at their cost, should they have any questions

16   regarding tax liability.

17        21.   Claims Administrator Costs.  The Claims Administrator shall be paid for the

18   costs of administration of the Settlement.  No fewer than 10 days prior to the Final Approval

19   Hearing, the Claims Administrator shall provide the Court and all counsel for the Parties with a

20   statement detailing the costs of administration.  The Parties agree to cooperate in the settlement

21   administration process and to make all reasonable efforts to control and minimize the costs and

22   expenses incurred in the administration of the Settlement.  Should the Claims Administrator require

23   an advance on the administration cost prior to the time period for all payments set forth in

24   Paragraph 30 herein, Dollar Tree shall pay such advance to be subtracted from the Maximum

25   Settlement Value.  If the settlement is not approved by the Court, or otherwise fails, such advance

26   amount shall be treated as a cost to be assessed in favor of the prevailing party at the conclusion of

27   the litigation.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                    9.                    Case No. 2:11-CV-01334-JAM-CMK

1          22.    <u>Seeking Preliminary Approval from the Court.</u> The settlement of this Lawsuit

2 is conditioned upon the Court's providing both Preliminary and Final Approval of the settlement

3 terms. As promptly as possible and by no later than November 4, 2011 (or as further extended by

4 mutual agreement and court approval), Plaintiff's counsel shall file a motion with the Court for

5 preliminary approval of this Stipulation for Settlement. Defendant shall join in such request for

6 preliminary approval and counsel shall jointly prepare a proposed Order of Preliminary Approval.

7 The submission for preliminary Court approval will include proposed forms of notice and all other

8 documents, as agreed upon by the Parties, needed to implement the Agreement. The Order for

9 Preliminary Approval shall provide for notice of the Agreement and of related matters to Class

10 Members.

11          23.    <u>Information to the Claims Administrator.</u> Not later than thirty (30) days after

12 receipt of notice of the Court's entry of an Order of Preliminary Approval, Defendant shall provide

13 to the Claims Administrator a database containing the Class List. Defendant shall cooperate and

14 provide any additional information the Claims Administrator may reasonably request for the purpose

15 of giving notice to Class Members, allocating and otherwise administering this Agreement.

16          24.    <u>Notice to the Class.</u> Not later than fifteen (15) days after receipt of the

17 information described in Paragraph 23, the Claims Administrator shall provide a Notice of Proposed

18 Class Action Settlement and Final Fairness and Approval Hearing ("Class Notice") to the Class

19 Members. Such Class Notice (See Exhibit A) shall include a Claim Form (Exhibit B) and an

20 explanation as to the procedure for exclusion from the Class. All such forms shall first be approved

21 by the Court. Class Members shall have forty-five (45) days from the date the notices are mailed by

22 the Claims Administrator to postmark Claims Forms. Class Members shall have forty-five (45) days

23 from the date the notices are mailed to postmark Objections or Requests for Exclusion (such requests

24 for exclusion are also referred to as Opt-Outs). In order to opt-out, the Request for Exclusion must

25 be completed in its entirety in accordance with all instructions set forth in the Class Notice. The

26 Claims Administrator will perform one address follow up on returned mail, and will re-mail the

27 Class Notice and Claims Form to an updated address (if any) within fifteen (15) days of receipt of

28 the returned mail. (The forty-five day time limits will run from the date of the second mailing.) It is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE      10.      Case No. 2:11-CV-01334-JAM-CMK

1   the intent of the Parties that reasonable, but not extraordinary, efforts be used to locate Class

2   Members. If the initial mailing is returned, the Claims Administrator will search using the social

3   security number of the Class Member for a more current address. If no address is found, no further

4   action is required. The Claims Administrator will provide updates to both counsel regarding the

5   notification process, as requested by either counsel.

6         25.   Full Compliance Required. Full compliance with the Claims Form and Class

7   Notice is required in order for a Class Member to be eligible for an Individual Settlement Payment.

8         26.   Claims Administration. Class Members shall mail all original Claims Forms

9   directly to the Claims Administrator at the address indicated on the Claim Form. Sending the Claim

10   Form to either Party or their counsel, or providing it to the Claims Administrator in any other way

11   will invalidate the claim.

12         27.   Report of Class Member Participation and Defendant's Termination Rights.

13   Within ten (10) days of the conclusion of the opt-out period and the claims period (including time

14   for a second mailing as required by Paragraph 24), the Claims Administrator will provide a written

15   report to both Parties' counsel noting the number of class notices sent, the number which were

16   returned as undeliverable (after the follow up required by Paragraph 24), the number of valid opt-

17   outs, and the number and pay-out value of valid claims. Prior to the due date for this report, the

18   Claims Administrator will reasonably respond to requests from either party's counsel for a report on

19   the current status of the claims and opt-out procedures. Defendant retains the right, at its exclusive

20   option, to terminate the Settlement if more than 5% of the Class Members opt out of the settlement.

21   Such termination right shall be exercised by written notice to the opposing counsel within twenty

22   (20) days of receipt of the Claims Administrator's report discussed above.

23         28.   Precedence of Claims Form. If a Class Member submits both a Request for

24   Exclusion and a valid Claim Form, the Claim Form will supersede the Request for Exclusion and

25   will be handled in accordance with the claims procedures set forth in this Agreement.

26         29.   Objections. All objections to the settlement must be served and filed with the

27   Court within forty-five (45) days after the initial or second mailing by the Claims Administrator. All

28   objections must be served on both parties' counsel, and filed with the Court, along with a Notice of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE       11.       Case No. 2:11-CV-01334-JAM-CMK

1    Intention to Appear. Class Members who fail to file and serve timely written objections in the

2    manner specified above shall be deemed to have waived any objections and shall be foreclosed from

3    making any objection (whether by appeal or otherwise) to the settlement, unless otherwise ordered

4    by the Court. Only Class Members who do not submit valid Requests for Exclusions may file

5    objections. The parties' counsel may, at least ten (10) days (or some other date as set by the Court)

6    before the Final Approval Hearing, file responses to any written objections filed by the Court.

7              30.    Individual Settlement Payment Calculation and Settlement Payout. Within

8    twenty (20) days of the Effective Date, Defendant shall prepare Individual Settlement Payments to

9    Class Members determined by the Claims Administrator to have filed timely and valid claims in an

10   amount determined by the Claims Administrator for each Participating Class Member based on

11   dividing the amount available for class distribution (approximately $131,000) by the total number of

12   work weeks worked by all Assistant Managers and Store Managers during the class period to obtain

13   an amount per work week and then multiplying that amount by the number of work weeks the

14   Participating Class Member worked during the Class Period. Defendant shall provide the Individual

15   Settlement Payments to the Claims Administrator for prompt mailing to Participating Class

16   Members via first class mail to the last known address maintained by the Claims Administrator.

17   Checks will be voided if not negotiated within ninety (90) days of the date of their mailing. Within

18   twenty (20) days of the Effective Date, Defendant will send payment to Class Counsel for Plaintiff's

19   Individual Settlement Award and the Class Counsel Award, both to be reported on a Form 1099.

20   Two checks (with the amount split equally) to Class Counsel shall be made out to Ackermann &

21   Tilajef, P.C. and Michael Malk, Esq., APC, respectively, and both Plaintiff and each Class Counsel

22   shall provide W-9's as a precondition to such payment. Class Counsel are responsible for satisfying

23   all costs or other liens related to this litigation from the Class Counsel Award and shall hold

24   Defendant harmless from any such costs or liens. Defendant shall retain up to $25,000 in

25   undistributed or unclaimed funds with any amount thereafter remaining from the Maximum

26   Settlement Value to be paid by Defendant to a charity mutually selected by the Parties. The Parties

27   shall file a Notice, including a certification of mailing the Individual Settlement Payments by the

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2603
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                    12.              Case No. 2:11-CV-01334-JAM-CMK

1   Claims Administrator, that the settlement has been fully effectuated with the Court following the

2   above-described distribution.

3

4       31.   Injunction of Filings by Class Members. As part of the preliminary approval

5   of the settlement, the Class Members shall be enjoined from filing, initiating or continuing to

6   prosecute any actions, claims, complaints, or proceedings in Court, with the California Department

7   of Labor Standards Enforcement ("DLSE"), with the California Labor and Workforce Development

8   Agency ("LWDA"), or with any other entity regarding the Released Claims. This Settlement is

9   conditioned upon the release by all Class Members as described in Paragraph 16 above, and upon

10  covenants by all Class Members that they will not participate in any actions, lawsuits, proceedings,

11  complaints or charges brought individually, by the DLSE, the LWDA, or by any other agency,

12  person or entity in any Court or before any administrative body related to the Released Claims, nor

13  will Class Members contest or interfere with efforts by Defendant to oppose any attempt to bring

14  such Released Claims against the Released Parties. Should the Settlement be terminated for any

15  reason, the Parties will, upon the effective date of termination, be restored to the legal positions they

16  held as of 9/12/2011 in accordance with the Parties' Stipulation and Court Order dated 9/14/2011.

17      32.   Dismissal of the Lawsuit. Within thirty (30) days of the Effective Date,

18  Plaintiff shall dismiss the Lawsuit with prejudice, with each Party to bear his/its own costs and fees,

19  except as expressly stated in this Agreement.

20      33.   Resolution of Claims Disputes. A "Participating Class Member" means a

21  Class Member who has timely submitted a properly, fully completed and signed claim form. In the

22  case of any dispute regarding the amount of entitlement, the dispute will be finally resolved by the

23  Claims Administrator using Defendant's records which shall be dispositive on all issues related to

24  the accuracy and amount of the Claim.

25      34.   Communications with Class Members. The Class Notice will encourage all

26  Class Members to raise all questions about the Settlement to the Claims Administrator which the

27  Claims Administrator will answer using a set of guidelines jointly approved by the parties. Under no

28  circumstances will any counsel or Plaintiff encourage a class member to opt-out, nor will Plaintiff's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE     13.     Case No. 2:11-CV-01334-JAM-CMK

1   counsel represent any such opted-out member in conjunction with a Labor Code Section 2802
2   related claim.

3       35.     Effect of Failure of the Settlement, including from Non-Approval or
4   Termination. In the event of non-approval by the District Court (or by any reviewing Court) of this
5   Settlement (in substantially the same form as set forth in this Agreement), Defendant's termination
6   under Paragraph 27, or other failure of the Settlement, the Settlement shall be deemed voided, and
7   no party (or other witness) may use the fact that the parties agreed to settle the case, the settlement
8   documents, or any communications regarding the settlement as evidence of Defendant's liability or
9   lack thereof.

10      36.     Plaintiff's Waiver of Right to Be Excluded and Object. Plaintiff agrees to
11  sign this Settlement Agreement and by signing this Settlement Agreement is thereby bound by the
12  terms herein. For good and valuable consideration, Plaintiff further agrees that he will not request to
13  be excluded from the Settlement Class and agrees not to object to any of the terms of this Settlement
14  Agreement. Any such request for exclusion or objection by Plaintiff shall be void and of no force or
15  effect. Efforts by Plaintiff to circumvent the terms of this paragraph shall be void and of no force or
16  effect.

17      37.     Future Cooperation. The Parties and their respective counsel of record shall
18  proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and
19  to do all other things reasonably necessary to conclude the settlement and dismiss the Lawsuit in
20  accordance with this Agreement.

21      38.     Construction and Integration.     This Agreement, including its exhibits,
22  constitutes the entire agreement between the parties. No representations, warranties or inducements
23  have been made to any party concerning the subject matter of this Agreement and/or exhibits other
24  than the representations, warranties and covenants contained in such documents. This Agreement
25  and related exhibits shall be construed each as a whole, and with reference to one another, according
26  to their fair meaning and intent. Each Party represents that its/his counsel has participated and
27  cooperated in the drafting and preparation of this Agreement and related exhibits; hence, in any

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                14.              Case No. 2:11-CV-01334-JAM-CMK

1    construction to be made of this Agreement and/or exhibits, the same shall not be construed against

2    any party on the basis that said party was the drafter.

3            39.    Governing Law.  California law governs interpretation and application of this

4    Agreement.  Federal procedural law governs implementation of the settlement of class claims.

5            40.    Counterparts.  This Agreement may be executed in one or more counterparts,

6    which may be filed with the Court.  All executed counterparts, and each of them, shall be deemed to

7    be one and the same instrument.  Once available, a complete set of original executed counterparts

8    shall be filed with the Court.

9            41.    Parties' Authority.  The signatories hereto represent that they are fully

10   authorized to enter into this Stipulation of Settlement, and bind the Parties to the terms and

11   conditions hereof.

12           42.    Continuing Jurisdiction.  Except as otherwise specifically provided for herein,

13   the United States District Court for the Eastern District of California shall retain jurisdiction to

14   construe, interpret and enforce this Agreement and the Settlement, to supervise all notices, the

15   administration of this Agreement and distribution of the Settlement amount, and to hear and

16   adjudicate any dispute arising from or related to the Settlement.

17           43.    Class Signatures.  It is agreed that because the Class Members are so

18   numerous, it is impossible or impractical to have each Class Member execute this Agreement.  The

19   Class Notice shall advise all Class Members of the binding nature of the release and such shall have

20   the same force and effect as if this Agreement were executed by each member of the Class.

21           44.    Captions and Interpretations.  Paragraph titles or captions contained herein are

22   inserted as a matter of convenience and for reference, and in no way define, limit, extend, or

23   describe the scope of this Agreement or any provision hereof.

24           45.    Modification.  This Stipulation of Settlement may not be altered or modified,

25   except in writing and signed by the Parties hereto, and approved by the Court.

26           46.    Binding on Assigns.  This Stipulation of Settlement shall be binding upon and

27   inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, successors and

28   assigns.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE       15.       Case No. 2:11-CV-01334-JAM-CMK

47.   <u>Representations Regarding Other Matters.</u>  Plaintiff's counsel represent that they know of no other claims or attempted claims against Defendant or any related party raising claims similar to those raised in this Lawsuit.

**READ CAREFULLY BEFORE SIGNING**

Dated: 11-01-2011

RICHARD NELSON

Dated: Oct 31, 2011

DOLLAR TREE STORES, INC.

**AGREED TO, APPROVED AS TO FORM AND ACCEPTED.**

Dated: 11/1, 2011                    Respectfully submitted,

/s/ Michael Malk
CRAIG J. ACKERMANN
DEVIN COYLE
ACKERMANN & TILAJEF, P.C.
MICHAEL MALK
MICHAEL MALK, ESQ., APC
Attorneys for Plaintiff
RICHARD NELSON

I HEREBY ATTEST THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN IT.

Dated: 10/31, 2011                    Respectfully submitted,

/s/ Maureen E. McClain
MAUREEN E. MCCLAIN
MATTHEW P. VANDALL
AIMÉE E. AXELROD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DOLLAR TREE STORES, INC.

firmwide:104635532.1 061603.1030

JOINT STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE                16.                Case No. 2:11-CV-01334-JAM-CMK

# EXHIBIT A

## CLASS ACTION

**TO:**   **ALL PERSONS WHO WORKED IN THE POSITION OF ASSISTANT MANAGER OR STORE MANAGER IN CALIFORNIA FROM APRIL 8, 2007 THROUGH _____ (DPA).**

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL FAIRNESS AND APPROVAL HEARING

### PLEASE READ THIS NOTICE CAREFULLY.

### YOU MAY BE ENTITLED TO BENEFITS FROM THIS SETTLEMENT.

Notice is hereby given that a proposed Stipulation of Settlement and Release ("Settlement") of the class action lawsuit entitled "RICHARD NELSON, on behalf of himself and others similarly situated v. DOLLAR TREE STORES, INC. and DOES 1 to 50, inclusive, United States District Court for the Eastern District of California, Case No. 2:11-cv-01334-JAM-CMK (the "Litigation") has been reached between Plaintiff and Defendant and has been granted preliminary approval by the United States District Court ("the Court").

The proposed Settlement will resolve all claims made against the Defendant (also referred to as "Dollar Tree") and other Released Parties, as that term is defined in the Stipulation of Settlement, in connection with Labor Code Section 2802 related claims raised in the above-captioned Litigation. A hearing addressing the fairness, adequacy, and reasonableness of the settlement will be held on _____ to determine whether the Litigation should finally be settled. If you are a member of the class, you must file a claim by _____ to participate in the Settlement, the terms of which are set forth in detail in the Stipulation of Settlement filed with the Court. **If you fail to file a valid and timely claim, you will receive nothing under the Settlement.**

### A. PURPOSE OF THIS NOTICE

The Court has ordered that Notice be sent to you because you are a potential member of the Settlement Class. The Settlement Class is defined as all California employees of Dollar Tree working in the position of Assistant Manager or Store Manager from April 8, 2007 through _____, who have not previously released such claims.

The purpose of this Notice is to: a) provide a brief description of the Litigation; b) inform you of the proposed Settlement; and c) discuss your rights and options with respect to the Litigation and the Settlement.

### B. DESCRIPTION OF THE LITIGATION

Plaintiff, a former Dollar Tree Assistant Store Manager, contended in the Litigation that Dollar Tree did not reimburse Store Managers and Assistant Store Managers for business expenses that they incurred, including in the use of personal

vehicles for business purposes, in violation of Labor Code Section 2802, among other statutes.

Dollar Tree disputed Plaintiff's contention, noting, among other defenses, that it has established a system for employees to submit reimbursement requests for mileage and other business expenses, and that employees who submit requests receive reimbursement.

The Court has made no ruling on the merits of Plaintiff's claims or Dollar Tree's defenses. However, the Court has preliminarily approved the proposed Settlement. The Court will decide whether to give final approval to the Settlement at a hearing scheduled for _____ at _____.m. in Courtroom 6 of the United States District Court located at 501 I St., Sacramento, CA 95814.

**Attorneys for the Class ("Class Counsel") in the Litigation are:**

> **CRAIG J. ACKERMANN, Bar No. 229832**
> **DEVIN COYLE, Bar No. 267194**
> **ACKERMANN & TILAJEF, P.C.**
> **1180 South Beverly Drive, Suite 610**
> **Los Angeles, CA 90035**
> **Telephone:   (310) 277-0614**
> **Facsimile:    (310) 277-0635**
> **Email:         cja@laborgators.com**
> **                   devin@laborgators.com**
>
> **MICHAEL MALK, Bar No. 222366**
> **MICHAEL MALK, ESQ., APC**
> **1180 South Beverly Drive, Suite 610**
> **Los Angeles, California 90035**
> **Telephone:   (310) 203-0016**
> **Facsimile:    (310) 499-5210**
> **Email:         mm@malklawfirm.com**

**Attorneys for Defendant ("Defense Counsel") in the Litigation are:**

> **MAUREEN E. MCCLAIN, Bar No. 062050**
> **MATTHEW P. VANDALL, Bar No. 196962**
> **LITTLER MENDELSON, P.C.**
> **650 California Street, 20th Floor**
> **San Francisco, CA  94108.2693**
> **Telephone:  415.433.1940**
> **Facsimile:   415.399.8490**
> **Email:        mmcclain@littler.com**
> **                  mvandall@littler.com**

## C. YOUR OPTIONS

If you fit within the above description of the Settlement Class, you have several options. Each option will have its consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are explained below.

1.  **You Can Remain a Member of the Class and Participate in the Settlement.**

    If you are a member of the Settlement Class and want to participate in the Settlement (and you do not opt out of the Class), you must complete and return a Claim Form to the Settlement Administrator (Simpluris) at the below address by First Class U.S. mail postmarked no later than _____:

    Dollar Tree Mileage Reimbursement Settlement
    Simpluris
    [insert address]

    [insert telephone and fax numbers]

    If you have any questions about the settlement, contact the Settlement Administrator. You must complete the Claim Form fully in order to receive a distribution of funds. If you want confirmation that your Claim Form has been received by the Settlement Administrator, you may send your Claim Form by certified U.S. mail with a return receipt request.

    If you do not opt out of the Settlement, you will be bound by all the terms set forth in the Settlement, including a full release of claims that will prevent you from separately suing Dollar Tree for the matters being settled in this Litigation. **Any Person Who Remains a Class Member who does not submit a timely and properly completed Claim Form will not receive a share of the Settlement and his or her claim will be barred.**

2.  **You Can Do Nothing.**

    If you are a member of the Class and do nothing – that is, if you do not send a timely and properly completed Claim Form or opt out of the Settlement – you will not be entitled to a share of the Settlement. **However, you will be bound by the terms of the Settlement, including the release of claims, even though you did not receive any money or benefits from the Settlement.** Therefore, if you do nothing, you will not have the right to pursue your own lawsuit related to the claims released by the Settlement.

3.  **You Can Object to the Settlement.**

    If you are a Member of the Settlement Class who does not opt out of the Settlement, you may object to the Settlement, personally or through an attorney, by filing your written objection with the Court and mailing a copy of your objection to Class Counsel and Defense Counsel at the above addresses. All objections must be signed and should contain your address, telephone number and a reference to the case. All objections must be filed with the Court and received or postmarked on or before _____, in order to be considered at the Final Fairness and Approval Hearing ("Final Fairness Hearing"), set for _____. Your written objection should clearly explain why you object to the Settlement

3.

and must state whether you (or someone on your behalf) intend to appear at the Final Fairness Hearing. If you timely submit a written objection, you may appear, personally or through an attorney, at your own expense, at the Final Fairness Hearing to present your objection directly to the Court. If you object to the Settlement and if the Court approves the Settlement as set forth in the Stipulation of Settlement, you will be bound by the terms of the Settlement in the same way as a Class Member who does not object.

4.    You Can Opt Out of the Class.

If you do not want to remain a member of the Settlement, you can request exclusion from the Settlement (i.e., opt out). You can opt out of the Class by mailing a written, signed request for exclusion to the Settlement Administrator at the above-stated address, such that it is **postmarked** no later than _____. This request for exclusion must contain the following information: (a) your printed full name, (b) your full address, and (c) the following language: "I want to be excluded from the Nelson v. Dollar Tree Stores, Inc. class action settlement described in the Notice I received dated _____, 2011. I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from this settlement." This request must be **signed** and **dated** by you. If you opt out of the Settlement, you will no longer be a member of the Settlement Class, you will be barred from participating in this Settlement, and you will receive no benefit from this Settlement. By opting out of the Settlement Class, you will retain whatever rights or claims you may have, if any, against Dollar Tree and the Released Parties, and you will be free to attempt to pursue them on an individual basis at your own cost, if you choose to do so.

D.    SUMMARY OF TERMS OF SETTLEMENT

The principal terms of the Settlement reached between Plaintiff and Defendant are summarized below.

1.    **Settlement Terms.**

The Settlement provides that Dollar Tree will stipulate to the certification of the Settlement Class for settlement purposes only, conditioned upon Dollar Tree's not terminating the Settlement for excessive opt-outs and the Court finally approving the Settlement with no possibility of further appeal. The Settlement makes provisions for the following payments by Dollar Tree, subject to all conditions contained in the Stipulation for Settlement. The total maximum value of the settlement is $200,000.

Distribution to Class Members. Approximately $131,000 (this number depends upon the administration costs) shall be available for distribution to class members who file a timely and fully completed Claim form establishing entitlement to participate in the Settlement. The amount will be distributed on the basis of the number of work weeks the Class Member worked during the Class Period. The amount to be distributed per work week will be determined by dividing the amount to be distributed by the number of work weeks worked by all Class Members during the Class Period. The per work week payment is approximately X cents which means an eligible Class Member who worked X weeks during the class period as an Assistant Store Manager and/or Store Manager will receive a

payment of approximately X.  Any undistributed or unclaimed amount will remain with or be returned to Dollar Tree up to $25,000.  Any undistributed or unclaimed amount above $25,000 will be paid to a charity mutually selected by Plaintiff and Defendant.

<u>Administrative Costs.</u>  Dollar Tree will pay administrative costs of settlement, including the cost of notice, claims administration, cost of the Settlement Administrator, and any other costs of settlement in an amount expected to be approximately $15,000.  The administrative costs will be paid out of the Settlement amount.

<u>Attorneys' Fees and Costs.</u>  Class Counsel will apply to the Court for an attorneys' fee award of up to $50,000, plus their actual costs and expenses up to $1500, all of which will be paid out of the Settlement amount.

<u>Class Representative Incentive Award.</u>  Plaintiff Richard Nelson will receive an Incentive Award of up to $2,500, which will be paid out of the Settlement amount, and will provide a full general release of claims.

<u>Plan of Distribution.</u>  Class Members who receive settlement checks are required to negotiate those checks within ninety (90) days of the date of the mailing of the checks.  Any checks not negotiated within such time frame shall be voided.

<u>Class Member Tax Matters.</u>  The settlement payments to are in the nature of an expense reimbursement.  Nothing contained in this Notice or in the Settlement Stipulation is intended to be or should be interpreted as providing tax advice.  Each Class Member should consult with their tax advisors concerning the tax consequences of any payment they receive.

2.  **<u>Release by Settlement Class Members.</u>**

**The Settlement provides that all of the Labor Code Section 2802 related claims in the Litigation will be dismissed with prejudice, meaning that those claims can never again be asserted by any Settlement Class Member who does not opt out.  The Settlement also provides that each Settlement Class Member who does not opt out, for themselves and any one claiming on their behalf, fully releases and discharges Dollar Tree and any present and former parents, subsidiaries, affiliates, divisions and related entities, together with their present and former officers, directors, employees, shareholders, benefit plans, trustees, insurers, fiduciaries, executors, privies, agents, representatives, predecessors, successors, assigns and attorneys from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties, damages, restitution, injunctive relief, or a remedy of any other type which was stated or could have been stated in the Litigation, related to or arising from any claimed violation of California Labor Code Section 2802, whether alleged directly or based on some other statutory, regulatory, wage order or common law theory,  including but not limited to, claims related to or arising under PAGA ( California Labor Code § 2698 et seq.) and California Business and Professions Code § 17200 insofar as they relate to violations of § 2802 through the Effective Date of the Settlement.   The release covers all claims for interest, attorneys' fees and costs related to the Litigation.**

This release of Section 2802 related claims applies to known and unknown claims within the scope of the Release. With regard to these released claims, Class Members therefore waive reliance upon California Civil Code § 1542 which states: A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Class Members who do not opt out are enjoined from filing any judicial or administrative proceeding concerning a claim covered by the release.

3.    **Conditions of the Settlement.**

This Settlement is conditioned upon the Court entering an Order at or following the Final Fairness Hearing approving the Settlement as fair, reasonable, and adequate and in the best interests of the Class and a judgment that becomes effective and final.

## E. FAIRNESS HEARING ON PROPOSED SETTLEMENT

You are not required to attend the Final Fairness Hearing or to file an objection, although you may do both if you do not opt-out of the Class. The Final Fairness Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, costs of administration, the incentive award to Plaintiff, and Class Counsel's request for attorneys' fees and costs will be held on _____, at _____, in Courtroom 6 of the United States District Court, Eastern District of California, 501 I Street, Sacramento, CA 95814. The Final Fairness Hearing may be continued to another date without further notice. If you plan to attend the Final Fairness Hearing, you may contact the Settlement Administrator to confirm the date and time.

Any Settlement Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived any objections or the right to speak at the Final Fairness Hearing, and shall be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the plan of distribution, the payment of attorneys' fees and costs, the claims process, the additional incentive payment to individual Plaintiff Nelson or any other aspect of the Settlement. If the Settlement is not approved, the Litigation will continue with the Parties restored to their positions preceding the Settlement.

## F. ADDITIONAL INFORMATION

This Notice only summarizes the lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the United States District Court, Eastern District of California, 501 I Street, Sacramento, CA 95814 during the Court's regular file viewing hours. Any questions regarding this Notice or Litigation may be sent to the Settlement Administrator at the above address and facsimile number. Alternatively, you may contact your own attorney, at your own expense, to advise you. If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Settlement Administrator.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

**IT IS SO ORDERED.**

DATED: _____                           _____
                                            The Honorable John A. Mendez
                                            Judge of the United States District Court

Firmwide:104828262.1 061603.1030

7.

# EXHIBIT B

## CLAIM FORM

*Nelson v. Dollar Tree Stores, Inc.*
(United States District Court
Case No. 2:11-CV-01334 JAM-CMK)

Dollar Tree Mileage Reimbursement
Settlement
(insert name and contact info of
Administrator)

**YOUR SIGNATURE BELOW MEANS THAT YOU DECLARE THE FOLLOWING
STATEMENTS TO BE TRUE. TO RECEIVE A RECOVERY YOU MUST COMPLETE
THIS CLAIM FORM, SIGN AND RETURN THIS CLAIM FORM BY REGULAR U.S.
MAIL, POSTAGE PAID AND POSTMARKED ON OR BEFORE _____.**

PLEASE ANSWER THE FOLLOWING:

1.      I was employed by DOLLAR TREE as an Assistant Manager or Store Manager in
California at any time between April 8, 2007 and _____, 2011. (INSERT DPA)

2.      At times between April 8, 2007 and _____, 2011, (DPA) I used a personal
motor vehicle for Dollar Tree business on a regular basis (more than twice a month
during the period of use), and I did not receive mileage reimbursement from Dollar Tree
for such use.

The undersigned declares under penalty of perjury under the laws of the State of
California that the information on this Claim Form is true and accurate; that I have read
the Notice of Proposed Class Action Settlement; that I will be bound to the terms of the
Settlement and its Release; that I am entitled to the settlement payment; and that no
other person and/or entity has a claim through me to any settlement monies.

XXX-XX- _____      _____      _____
Social Security No.           Sign your name here           Date
(Last four digits <u>ONLY</u>)


_____
Print Name

If you have an address different than the one at which you received this form or if
you move in the next 12 months, please notify the Claims Administrator of your
new address.

1.